Marianne Dugan, OSB # 932563
Email: mdugan@cldc.org
CIVIL LIBERTIES DEFENSE CENTER
1711 Willamette Street Ste 301 # 359
Eugene, OR  97402
Telephone:  541-687-9180
        Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON

ADAM GILLIAM,                                                    Case No. 6:25-CV-00492-AP

                    Plaintiff,              PLAINTIFF'S RESPONSE TO DEFENDANT'S
                                            SUPPLEMENTAL BRIEFING IN SUPPORT OF
        v.                                  MOTION FOR SUMMARY JUDGMENT

DANIEL C. MILLER,

                    Defendant.

Defendant is correct that *Ctr. for Bio-Ethical Reform, Inc. v. Los Angeles Cnty. Sheriff Dep't*, 533 F.3d 780 (9th Cir. 2008), *cert. denied*, 129 S. Ct. 903 (2009), is factually distinguishable from the instant case. It is hard to imagine a situation where an over-detention and/or unreasonable cuffing case would be on all fours.

In *Ctr. For Bio-Ethical Reform*, the over-detention was so egregious and obvious that the Ninth Circuit not only reversed the lower court's grant of summary judgment to the *defendant* but actually granted summary judgment to the *plaintiff*. Plaintiff's counsel mentioned this case during oral argument primarily to underscore the fact that, while there is no hard and fast number of minutes that is an unreasonable length of investigative detention, there also is no rigid test for timing that is *reasonable*.

The analysis in that case does provide some guidance to this court regarding the instant case. The Court noted:

Once the sheriffs validly initiated an investigative stop, no rigid time constraints governed

PAGE  1 - PLTF'S RESP. TO DEF'S SUPP BRIEFING IN SUPP OF MO FOR SUMM. JUDGMENT

its duration, so long as the sheriffs acted diligently and pursued a means of investigation likely to confirm or dispel their suspicions quickly. *United States v. Sharpe*, 470 U.S. 675, 686, 105 S. Ct. 1568 (1985). Here, although a brief detention to investigate possible Vehicle Code violations was warranted, that investigation should have taken no more than a few minutes -- enough time to examine the security vehicle and to determine if there were any outstanding warrants involving the vehicle or its occupants. [FN 14]

       [FN 14] Defendants suggest that the detention was also reasonable because of potential violations of two California Education Code provisions: § 32210 ("Any person who willfully disturbs any public school or any public school meeting is guilty of a misdemeanor ....") and § 44811 ("[A]ny ... person whose conduct in a place where a school employee is required to be in the course of his or her duties materially disrupts classwork or extracurricular activities or involves substantial disorder is guilty of a misdemeanor."). These provisions also might justify a brief detention. But, as with the suspected Vehicle Code violations, there is no explanation of why it would take seventy five minutes to investigate them. Presumably, just speaking to Plaintiffs and school officials would be sufficient.

533 F.3d at 795. As in the instant case, the defendants in *Ctr. for Bio-Ethical Reform* were arguing that they were investigating multiple crimes. That did not make the 75-minute detention reasonable in that case; and similarly in the instant case defendant provides no explanation of why it would take more than hour to investigate the allegedly relevant other crimes (which were never mentioned in the police report nor on body-cam – only after defendant was sued).

As for the *Sharpe* case which is cited by defendant in his supplemental brief (and mentioned in *Ctr. for Bio-Ethical Reform*), the Supreme Court there noted that, although the *length* of detention is relevant in determining whether a stop is unreasonable, the *nature* of the detention also is important. 470 U.S. at 683-84, 105 S. Ct. at 1574. Unlike the defendant in *Sharpe*, who was detained on the roadside near his own vehicle, Mr. Gilliam was locked inside a squad car with his hands cuffed behind his back for nearly the entire hour-plus detention. *See Peterson v. City of Plymouth, Minn.,* 945 F.2d 1416, 1420 n. 4 (8th Cir. 1991) (making similar distinction).

Unlike *Sharpe*, where the Court was able to conclude as a matter of law that the detention was not overlong, and unlike *Ctr. for BioEthical Reform*, where the Court likewise concluded as a matter of law that the detention *was* overlong, here plaintiff has raised multiple genuine issues of

PAGE 2 - PLTF'S RESP. TO DEF'S SUPP BRIEFING IN SUPP OF MO FOR SUMM. JUDGMENT

material fact precluding summary judgment on that issue. The situation is similar to that in *Clavette v. Sweeney,* where the plaintiff had been detained in the back of a police vehicle for an hour, and Judge Brown found that:

> Viewed in the light most favorable to Plaintiff, the evidence does not establish conclusively that Defendants acted reasonably if they continued to detain Plaintiff after they decided not to arrest him. . . . [T]he Court cannot conclude as a matter of law that the duration of Defendants' detention of Plaintiff was reasonable under the circumstances; therefore, Defendant's Motion for Summary Judgment as to the excessive detention claim is denied.

132 F. Supp. 2d 864, 873 (D. Or. 2001). *See also Schafer v. Ashworth,* No.2:06CV01259MCEDAD, 2008 WL 4736353, at *3 (E.D. Cal. Oct. 16, 2008) (genuine issues of fact regarding claim for unreasonable detention precluded summary judgment).

Here, defendant presents several subjective and disputed assertions as to why it was reasonable to hold plaintiff for over an hour, most of that time cuffed behind his back in the back of a locked police car.

- He asserts that he "had multiple crimes he was investigating that required far more than simply looking at a vehicle and running warrants." Dkt 22 at 2. But those "multiple" crimes were never mentioned until defendant was sued – classic *post hoc* rationales that the jury would be entitled to find not credible.

- He asserts that he "was securing the scene and conducting witness interviews (including potential witnesses) until his investigation concluded." *Id.* But a reasonable jury, watching the body cam, could find multiple instances where the extension of the investigative detention had nothing to do with such tasks – such as chatting with the "First Amendment auditor," and dealing with the repossession of the complainant's vehicle.

- Separately, a reasonable jury could find that none of those tasks defendant was carrying out required him to keep plaintiff handcuffed behind his back in a locked police car for nearly an hour.

As the Ninth Circuit held in *Espinosa v. City and County of San Francisco*, "this court has often held that in police misconduct cases, summary judgment should only be granted "sparingly" because such cases often turn on credibility determinations by a jury." 598 F.3d 528, 537 (9th Cir.

PAGE 3 - PLTF'S RESP. TO DEF'S SUPP BRIEFING IN SUPP OF MO FOR SUMM. JUDGMENT

2010) (citing *Drummond v. City of Anaheim*, 343 F.3d 1052, 1056 (9th Cir. 2003). Summary judgment is inappropriate here and should be denied.

Respectfully submitted April 6, 2026.

_____ /s/  Marianne Dugan _____

Marianne Dugan (she/her)
OSB # 932563
Email:  mdugan@cldc.org
CIVIL LIBERTIES DEFENSE CENTER
1711 Willamette Street Ste 301 # 359
Eugene, OR  97402
Telephone:   541-687-9180